Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 443 | **DATE** | 6/13/2011 |
| **CASE TITLE** | Freddie Jackson (K-52894) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* ("IFP") [5] is granted. The court assesses an initial partial filing fee of $7.00. The trust fund officer at Plaintiff's place of incarceration is authorized to deduct the initial fee from Plaintiff's trust fund account and continue making deductions in accordance with this order. Plaintiff may proceed with his complaint against Tom Dart. The clerk shall issue summons for service of the complaint against Tom Dart and the U.S. Marshal shall serve this Defendant.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Freddie Jackson (K-52894), an inmate currently incarcerated at the Stateville Correctional Center, filed this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart on or before January 20, 2011. Plaintiff states that he was subjected to strip searches at the Cook County Jail between 2004 and the time he filed this suit. In February 2011, the court directed Plaintiff to submit an *in forma pauperis* application and inform the court whether he had opted out of the class in *Kim Young v. County of Cook*, No. 06 C 552 (N.D. Ill.) (Kennelly, J.) (class defined as detainees strip searched when entering the Cook County Jail between January 30, 2004, and March 30, 2009). Plaintiff has submitted an IFP application and has sent the court a letter stating that he did not receive a packet instructing him to either submit a claim or opt out until after the January 27, 2011, deadline.

Plaintiff's IFP application reveals that he cannot prepay the $350 filing fee. The court grants his IFP motion and assesses an initial partial filing fee of $7.00. The inmate trust fund accounts officer at Plaintiff's place of confinement is authorized to deduct the partial filing fee from Plaintiff's trust fund account and forward it to the court. Thereafter, the trust fund officer is authorized to deduct monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.

Plaintiff's claims that he was strip searched upon his entrance into Cook County Jail states a colorable cause of action such that he may proceed with his complaint. It is unclear whether he opted out the class action suit *Kim Young*, No. 06 C 552, as well as whether he was strip searched after March 30, 2009, such that the opt-out requirement would not apply. The parties may further address these issues. At the current stage, however, the case may proceed. The clerk shall issue summons for service of the complaint on Sheriff Tom Dart.
**(CONTINUED)**

isk

# STATEMENT

     The United States Marshals Service is appointed to serve Cook County Sheriff Tom Dart. If service forms from Plaintiff are necessary to complete service, the Marshal shall send such forms to the Plaintiff. The Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, Cook County Jail officials shall furnish the Marshal with Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain a waiver, the Marshal shall attempt to serve Defendant by personal service.

     Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, he must send an exact copy of any court filing to Defendant, or Defendant's counsel, if an attorney enters an appearance on behalf of Defendant. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.